IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-29

| | |
|---|---|
| PATRICIA RICHARD, <br><br> Plaintiffs, <br><br> v. <br><br> ELIZABETH TALLANT, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Patricia Richard's Motion to Dismiss and Motion to Remand (Doc. No. 4). The Court has carefully considered these motions and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion to dismiss and **GRANT** the motion to remand. The Court expresses no opinion on the merits of the parties' state law claims.

### I. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction but possess, *inter alia*, original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," or what is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331 (2018). A federal district court may exercise subject matter jurisdiction over a civil action filed in state court and subsequently removed by a defendant, but only if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a) (2018); *Sonoco Prod. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003). And, if a court finds itself without subject matter jurisdiction at any time before final judgment, the federal removal statute requires a district court to remand the removed case to state court. 28 U.S.C. § 1447(c) (2018). Also, Federal

1

courts "narrowly interpret removal jurisdiction" in deference to federalism, *Sonoco*, 338 F.3d at 370, and the burden of demonstrating removability rests on the removing party, *Prince v. Sears Holding Corp.*, 848 F.3d 173, 176 (4th Cir. 2017). Indeed, consistent with this deferential view in support of state jurisdiction, federal district courts resolve any doubts in favor of remand. *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Further, a court is not bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002*); see also Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 984 n.1 (D. Md. 2002) ("When the bare allegations of the complaint conflict with any exhibits or documents, whether attached or adopted by reference, the exhibits or

documents prevail") (*citing Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)); *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Finally, in reviewing Defendant's filing, the Court is mindful that *pro se* filings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Defendant's *pro se* status does not excuse her burden of proving subject matter jurisdiction. "Nor does the leniency afforded *pro se* litigants give this Court license to serve as *de facto* counsel for [her] or to rewrite otherwise deficient pleadings on [her] behalf in order to sustain an action." *Dexter v. Alabama*, No. 08-0427, 2008 WL 2941156, at * 1 n.1 (S.D. Ala. July 24, 2008).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff filed a declaratory judgment action on January 27, 2020 in Iredell County, North Carolina seeking a judgment regarding a dispute over the amount owed on a deed of trust and an order cancelling the deed of trust upon payment of the amount claimed to be owed. *See* Doc. No. 6, at 1. Simply put, Defendant argues that there is a significantly larger balance owed on the deed of trust than Plaintiff contends. *See* Doc. No. 13, at 2. Defendant removed the case to this Court on March 4, 2020 alleging in her pleading several causes of action under various federal civil, criminal and tax laws, including 42 U.S.C. § 1983 and 42 U.S.C. § 1985, HIPPA, two criminal statutes, and several provisions of the federal tax code. *See* Doc. No. 13, at 3. In response to the removal, Plaintiff filed these motions to dismiss and remand the case, asserting that the Court lacks subject matter jurisdiction over the parties' dispute. *See* Doc. Nos. 4, 6.

3

### III.     DISCUSSION

The question before the Court is whether the Defendant's allegations establish federal question jurisdiction to provide this Court with subject matter jurisdiction to hear this case. For the reasons discussed below with respect to each of Defendant's alleged causes of action, the Court finds that no valid federal cause of action has been asserted and thus no federal question jurisdiction exists. Accordingly, it lacks subject matter jurisdiction over this matter and the case must be dismissed and remanded to state court. 28 U.S.C. § 1447(c) (2018).

*Federal Civil Rights Statutes:*

A claim under 42 U.S.C. § 1983 requires proof that: 1) a person has been deprived of a federal right; and 2) the person who deprived her of the federal right acted under the color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Thus, liability under Section 1983 "attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'" *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). Defendant has not made any allegation that Plaintiff acted under the color of state law by using power that Plaintiff possesses by virtue of state law. Therefore, she has not pled a valid claim under Section 1983.

Similarly, Section 1985 of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by invidiously discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Under Section 1985, a plaintiff must show: (1) a conspiracy; (2) an act in furtherance of the conspiracy; (3) an intent to deprive any person of the equal protection of, or equal privileges and immunities under, the law; and (4) a resulting injury to a legal right or privilege. *See Great*

*American Federal Savings & Loan Assoc. v. Novotny*, 442 U.S. 366, 373 (1979) (quoting *Griffin*, 403 U.S. at 102). Plaintiff has wholly failed to satisfy these pleading requirements, which appear to have little, if anything, to do with the parties' dispute.

*HIPPA:*

Defendant also alleges a cause of action under 42 U.S.C. §1320(d), commonly known as HIPPA. 42 U.S.C. § 1320(d-6) (2018). However, 42 U.S.C. §1320(d-1) states that this provision only extends to a health plan, a health clearing house, or a healthcare provider. 42 U.S.C. § 1320(d-1) (a) (1-3) (2018). Plaintiff is plainly none of these entities; therefore, this statute cannot be validly asserted in this action.

*Criminal Statutes:*

In addition, Defendant alleges several violations of federal criminal statutes. 18 U.S.C. §1028 addresses the fraudulent use of a government identification document and 18 U.S.C. §241 relates to a conspiracy against rights. However, federal criminal claims cannot be brought by any party other than the United States. *See, e.g. United States v. Nixon*, 418 U.S. 683, 693 (1974). Therefore, Defendant does not have a private cause of action under either of these federal statutes.

*Federal Tax Claims:*

Lastly, 26 U.S.C. §7216 prohibits those who prepare tax returns from knowingly or recklessly disclosing or using tax information. Defendant does not allege that Plaintiff is a tax preparer. Moreover, even if these were actionable claims, they would not give rise to a civil claim because prosecuting violations of this statute is the responsibility of the United States Department of Justice, not private citizens. *See* 28 C.F.R. 0.70.

In summary, none of these claims raise a valid federal question and thus this Court does not have subject matter jurisdiction over this action. Therefore, the case must be remanded. 28 U.S.C. § 1447(c) (2018).

### IV.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Dismiss Defendant's counterclaim (Doc. No. 4) is **GRANTED;**

2. Plaintiff's Motion to Remand (Doc. No. 4) is **GRANTED; and**

3. The Clerk is directed to **REMAND** this matter to the District Court of Iredell County, North Carolina and close this case in accordance with this Order;

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 5, 2020

Kenneth D. Bell
United States District Judge